USDC SCAN INDEX SHEET

















SWD    9/29/04    11:28

3:04-CR-02521    USA V. LIERSCH

*1*

*CRINDI.*

```
                                    _ILED

                                  04 SEP 24 AM 10: 57

                                  CLERK U.S. DISTRICT COURT
                                  SOUTHERN DISTRICT OF CALIFORNIA

                              BY: sb              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2003 Grand Jury

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 04 CR 2521   R |
|---|---|---|
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | Title 18, U.S.C., |
| | ) | Sec. 1956 (a)(1)(B)(i) - |
| ANDREW F. LIERSCH, | ) | Money Laundering; Title 18, |
| | ) | U.S.C., Sec. 982 - Criminal |
| Defendant. | ) | Forfeiture |

The Grand Jury charges:

Counts 1 & 2

1. At all times relevant to this indictment, Goodwill Industries of Santa Clara County (hereinafter after "Goodwill"), was a non-profit, charitable organization, which collected donated goods from the community and sold those goods through retail outlets. Revenue generated from these sales was used to provide job training to handicapped and underprivileged persons.

2. Defendant ANDREW F. LIERSCH was President of Goodwill of Santa Clara County between 1976 and 1993. For approximately one year after 1993, he served on the Goodwill Board of Directors.

//

MNZ:nlv:San Diego
9/24/04

3. Beginning in or about late 1979 and continuing up to 1997, defendant ANDREW F. LIERSCH conspired and agreed with co-conspirator Carol Marrs, not charged herein, co-conspirator Faye Marcil, charged elsewhere (hereinafter "conspirators"), and others known and unknown to the grand jury, to defraud Goodwill and to obtain money from Goodwill by false and fraudulent representations. The scheme to defraud was in substance as follows:

a. The conspirators sold items which had been donated to Goodwill, failed to report the sales, then converted the proceeds of these sales to their own personal use. As a part of the scheme, conspirators delivered cash from the unreported transactions to conspirator Faye Marcil. The conspirators then arranged to make cash payments to the persons and for services necessary to perpetuate the scheme.

b. In order to conceal the scheme to defraud, the conspirators failed to report accurately the daily cash receipts from Goodwill stores to the Goodwill accounting office; withheld daily cash receipt records from certain cash registers; and hired both other employees of Goodwill and nonemployees of Goodwill to assist in the fraudulent scheme.

c. For the purpose of executing the scheme to defraud, and to prevent its detection, the co-conspirators knowingly, intentionally, and willfully delivered and caused to be delivered by United States mail and private and commercial interstate carrier numerous documents; financial reports, and tax returns which contained false and misleading information about the receipts of Goodwill of Santa Clara County.

//

1  d.  As a part of the scheme to defraud, from at least in or about 1988 to in or about September of 1997, on a weekly basis conspirator Faye Marcil delivered envelopes containing $3,000 in cash proceeds of the foregoing fraud either directly to defendant ANDREW F. LIERSCH, or to co-conspirator Carol Marrs, who in turn gave the cash to defendant ANDREW F. LIERSCH.

4.  On or about May 28, 1993, defendant ANDREW F. LIERSCH caused to be transported in foreign commerce from San Jose, California, to the Elvia Life Insurance in Geneva, Switzerland, approximately $360,000 which he knew to have been stolen, converted and taken by fraud.

5.  On or about July 26, 1993, defendant ANDREW F. LIERSCH caused to be transported approximately $215,000 in foreign commerce by check from Roseville, California, to the Royal Trust Bank in Vienna, Austria, which he knew was proceeds of funds which had been stolen, converted and taken by fraud.

6.  On or about April 20, 1994, defendant ANDREW F. LIERSCH caused to be transported in foreign commerce by United States mail from San Diego, California, to Vienna, Austria, approximately $199,000 which he knew to have been stolen, converted and taken by fraud.

7.  On or about the dates and in the amounts and between the places set forth in Counts 1 and 2 below, in the Southern District of California, and elsewhere, defendant ANDREW F. LIERSCH, knowing that the property involved in each financial transaction represented the proceeds of some form of unlawful activity, which in fact involved the proceeds of the specified unlawful activity described above, namely the mail fraud and the interstate transportation of stolen property described in paragraphs one through six of this indictment, did

conduct the financial transactions listed below in each count knowing that each transaction was designed at least in part to conceal and disguise the source, ownership, and control of the proceeds of the specified unlawful activity:

| COUNT | DATE | INSTRUCTIONS | TRANSACTION | FROM | TO |
|---|---|---|---|---|---|
| 1 | 7/29/97 | Given from Del Mar, CA. | Wire Transfer of $193,564.56 | Banque Union de Credit, Lugano Switzerland | Anglo Irish Bank Vienna, Austria |
| 2 | 7/30/97 | Given from Del Mar, CA | Wire Transfer of $611,038.38 | Banque Union de Credit, Lugano Switzerland | Anglo Irish Bank Vienna, Austria |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION

1.   The allegations contained in Counts 1 and 2 of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.   Upon conviction of the offenses alleged in Counts 1 and 2, defendant ANDREW F. LIERSCH shall forfeit to the United States all property, real and personal, involved in each offense and all property traceable to such property, including but not limited to the following:

   a.   All money or other property that was the subject of each transaction in violation of Title 18, United States Code, Section 1956 totaling approximately $193,564.56 for Count 1 and approximately $611,038.38 for Count 2.

   b.   All property used in any manner or part to commit or to facilitate the commission of those violations.

//

4

    c. A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

 3. By virtue of the commission of the felony offenses charged in Counts 1 and 2, any and all interest that defendant ANDREW F. LIERSCH has in the above-described property is vested in the United States and is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

 4. If any of the property described herein as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant ANDREW F. LIERSCH has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), up to the value of the property identified in this forfeiture allegation.

## SPECIAL ALLEGATIONS

 1. With respect to each count of the indictment, the total amount of funds involved in financial transactions representing the proceeds of fraud and interstate transportation of stolen property was more than three million five hundred thousand dollars and less than six million dollars.

2. With respect to each count of the indictment, the defendant committed the offense in order to facilitate or conceal the commission of another offense, namely the scheme to defraud Goodwill Industries.

3. With regard to the scheme to defraud Goodwill Industries:

    a. the loss incurred as a result of the scheme was more than ten million dollars but less than twenty million dollars;

    b. the offense involved more than minimal planning;

    c. the defendant was a leader and organizer of a criminal activity that involved five or more participants and was otherwise extensive;

    d. the offense involved a misrepresentation that the defendant was acting on behalf of a charitable organization;

    e. the defendant abused a position of public and private trust.

DATED: September 24, 2004.

A TRUE BILL:

*[signature]*
Foreperson

CAROL C. LAM
United States Attorney

By: *[signature]*
MARK N. ZANIDES
Special Assistant U.S. Attorney

6